People v Johnson (2022 NY Slip Op 06601)

People v Johnson

2022 NY Slip Op 06601

Decided on November 18, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, WINSLOW, AND BANNISTER, JJ.

870 KA 19-02268

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TREVON JOHNSON, ALSO KNOWN AS JOHN DOE, DEFENDANT-APPELLANT. 

THE SAGE LAW FIRM GROUP PLLC, BUFFALO (KATHRYN FRIEDMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MERIDETH H. SMITH OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Judith A. Sinclair, J.), rendered April 15, 2019. The judgment convicted defendant upon a plea of guilty of robbery in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of robbery in the first degree (Penal Law § 160.15 [4]). As an initial matter, we agree with defendant that he did not validly waive his right to appeal because Supreme Court's oral colloquy and the written waiver of the right to appeal provided defendant with erroneous information about the scope of the waiver and failed to identify that certain rights would survive the waiver (see People v Thomas, 34 NY3d 545, 565-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Clark, 191 AD3d 1471, 1472 [4th Dept 2021], lv denied 36 NY3d 1118 [2021]). However, his further contention that he was denied effective assistance of counsel survives his plea "only insofar as he demonstrates that the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of [his] attorney['s] allegedly poor performance" (People v Miller, 161 AD3d 1579, 1580 [4th Dept 2018], lv denied 31 NY3d 1119 [2018] [internal quotation marks omitted]). To the extent that defendant's contention involves matters outside of the record on appeal, including the frequency and content of his conversations with his attorney, it must be raised by way of a motion pursuant to CPL article 440 (see People v Graham, 171 AD3d 1559, 1560 [4th Dept 2019], lv denied 33 NY3d 1069 [2019]; People v Spencer, 170 AD3d 1614, 1615 [4th Dept 2019], lv denied 37 NY3d 974 [2021]). To the extent that defendant's contention is reviewable on direct appeal, we conclude that it is without merit (see generally People v Baldi, 54 NY2d 137, 147 [1981]; People v Kosmetatos, 178 AD3d 1433, 1434 [4th Dept 2019], lv denied 35 NY3d 994 [2020]). Indeed, defense counsel secured an advantageous plea offer on defendant's behalf, and nothing in the record before us casts doubt on defense counsel's performance (see People v Goodwin, 159 AD3d 1433, 1435 [4th Dept 2018]).
Entered: November 18, 2022
Ann Dillon Flynn
Clerk of the Court